Ruffin, C. J.
 

 It must be assumed upon the case as sta
 
 *33
 
 ted, that the defendant, did not take possession of tile field claimed by him before 1842; because he proved no' possession before that time, and because' the decision of the Court is based on the fact, that the grant issued to' the defendant before the possession of the plaintiff had Continued for twenty-one years, and n5t upon the ground,' that the defendant had entered under his grant before the expiration of the twenty-one years. In that we think the opinion delivered by .his Honor is erroneous. It the truth be, as it is necessarily to be inferred here, that the lessor of the plaintiff had possession for twenty one years, under colorable title, of the premise's, u'nder known and visible boundaries, before the' defendant entered, then the title of the lessor of the plaintiff is ratified, couñrmed, and declared a good and legal b‘ar to the entry of the defendant under the right or claim of the State, by the express words of the act of 1791 (Rev. Stat. c. 65, s. 2); and that, without any reference whatever to the period, at which the defendant, thus entering on the previous1 possessor, acquired his right or claim under the State — in other words, obtained his grant. We-have bee'n ht a loss to conjecture a ground for the construction of the act, which was adopted in the Superior Court. The only color for it, that has been suggested, is, that the “entry” mentioned in the act and thereby barred is to be understood as “ an entry of the land as vacant; ” and, therefore,- that making such an entry and obtaining a grant thereon, before the expiration of twenty-one years, vest in the grantee a good title', provided he’ sue for or take possession of the land within seven years alter the grant. But that is manifestly, we think, a mistake of the sense of the Legislature. The term “ entry” in the act of 1791 means precisely what it does in that of 1715, both being acts for quieting ancient titles to lands, and, thus,
 
 in pari materia.
 
 In the act of 1715 the language is, that no preson, who'shall' have title to lands, “shall thereunto enter or make claim ” but within se'ven years,- but that all possessions, held without suing such claim as aforesaid,- shall be a perpetual bar against all persops :• which unquestionably means an entry
 
 *34
 
 into the land or a taking possession thereof. From the nature of the subject, the same word, even if standing alone, must be received in the like sense in the latter statute. But tke context pUts jt beyond doubt. The subsequent words, “under the right or claim of the State,” annexed to and qualifying the term “entry” prove the act to mean an entry
 
 into the
 
 lands, as the exercise of a right under a valid legal title derived from the State, and not an entry in a public office, as of vacant and unappropriated land, to which the party intends to perfect a title.
 

 Per Curiam, Judgment reversed and
 
 venire de novo.